## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| LEROY DANIELSON, SILICONE DISTRIBUTORS, INC. d/b/a ROOFTOPS, and TRADEMARK ENTERPRISES, LLC d/b/a LISA'S PAINT SHOP, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TROPICAL SHIPPING AND CONSTRUCTION CO., LTD., VI CARGO SERVICES, LLC, and SALTCHUK RESOURCES, INC.,<br><br>Defendants. | Civil Action No. 2015-0045 |

**Attorneys:**
**Vincent A. Colianni, II, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiffs*

**Simone D. Francis, Esq.,**
**Adriane J. Dudley, Esq.,**
St. Thomas, U.S.V.I.
**James Ian Serota, Esq.,**
New York, NY
    *For Defendants*

### MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendants Tropical Shipping and Construction Company Limited and VI Cargo Services, LLC's "Motion for Leave to File Exhibits Under Seal." (Dkt. No. 15). In the Motion, Defendants request leave to file under seal certain exhibits that support their joint Motion to Dismiss (Dkt. No. 16).[1] In support of this request,

---

[1] Pursuant to an Order entered on October 19, 2015 (Dkt. No. 26), Defendants filed under seal—pending the Court's review and further Order of the Court—the exhibits they seek to maintain under seal (*see* Dkt. No. 27-1 through 27-17).

Defendants state that "the exhibits contain confidential contracts and bills of lading that reveal below-tariff price negotiations, which could lead to competitive pressures from other customers if the information were widely disseminated." (Dkt. No. 15 at 1). Plaintiffs have not filed a response to Defendants' Motion. For the reasons discussed below, the Court will grant Defendants' Motion, and maintain Exhibits D, F, G, I (all four parts), K, L, M, O, Q, T, V, Y, AA and CC under seal. *See* note 1, *supra*.

The common law public right of access to judicial records and proceedings is axiomatic. *See Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) ("It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records."); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066 (3d Cir. 1984) ("The existence of a common law right of access to judicial proceedings and to inspect judicial records is beyond dispute."). This right of access "extends beyond" the public's "ability to attend open court proceedings; it also encompasses the right of the public to inspect and to copy judicial records," including exhibits. *In re Cendant Corp.*, 260 F.3d at 192; *Littlejohn v. BIC Corporation*, 851 F.2d 673, 678 (3d Cir. 1988) (citing *United States v. Criden*, 648 F.2d 814, 819 (3d Cir. 1981)); *see also Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993); *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 683 (3d Cir. 1991).

As the Third Circuit has explained, the right of access to judicial records and proceedings strengthens the public's confidence in the courts:

> The public's exercise of its common law access right in civil cases promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court. As with other branches of government, the bright light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury, and fraud. Furthermore, the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness.

*In re Cendant Corp.*, 260 F.3d at 192 (quoting *Littlejohn*, 851 F.2d at 678). Thus, there is a "'strong

presumption' of openness [which] does not permit the routine [and perfunctory] closing of judicial records to the public." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Criden*, 648 F.2d at 823).

Notwithstanding that the common law right of access to judicial records and proceedings "is a recognized and venerated principle, courts have also recognized the accompanying principle that 'the right is not absolute.'" *In re Cendant Corp.*, 260 F.3d at 194 (quoting *Littlejohn*, 851 F.2d at 678); *see also Nixon v. Warner Comm's, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."). Rather, the presumption of access "must be balanced against the factors militating against access. The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption." *Leucadia*, 998 F.2d at 165 (quoting *Bank of America Nat. Trust v. Hotel Rittenhouse*, 800 F.2d 339, 344 (3d Cir. 1986)).

In order to meet this "heavy burden," the party seeking to file under seal must show that "the material is the kind of information that courts will protect" and that "disclosure will work a *clearly defined* and serious injury to the party seeking closure." *Miller*, 16 F.3d at 551 (citing *Publicker*, 733 F.2d at 1071) (emphasis added)). Such a showing requires specificity. *In re Cendant Corp.*, 260 F.3d at 194 ("In delineating the injury to be prevented, specificity is essential."). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* (citing *Publicker*, 733 F.2d at 1071).

In the instant case, Defendants state that the exhibits that they seek to file under seal "contain confidential contracts and bills of lading that reveal below-tariff price negotiations, which could lead to competitive pressures from other customers if the information were widely disseminated." (Dkt. No. 15 at 1). The Third Circuit has "expressly recognized that 'courts may

3

deny access to judicial records . . . where they are sources of business information that might harm a litigant's competitive standing.'" *Westinghouse*, 949 F.2d at 662 (quoting *Littlejohn*, 851 F.2d at 678); *see also Nixon*, 435 U.S. at 598. Upon review of the exhibits Defendants seek to file under seal and the representation by Defendants that disclosure of the exhibits would result in a specific type of competitive harm—i.e., competitive pressures from other customers—the Court finds that Defendants have made a sufficient showing to warrant sealing the exhibits filed in support of their Motion to Dismiss. Accordingly, in view of the foregoing, it is hereby

**ORDERED** that Defendants' "Motion for Leave to File Exhibits Under Seal" (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Exhibits D, F, G, I (all four parts), K, L, M, O, Q, T, V, Y, AA and CC (Dkt. No. 27-1 through 27-17) shall remain under seal.

**SO ORDERED**.

Date:  February 22, 2016　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　WILMA A. LEWIS
　　　　　　　　　　　　　　　　　　　　Chief Judge